IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH W.[1], | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-3084-SMY |
| | ) |
| MARTIN O'MALLEY, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff Joseph W. seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 423.

### Procedural History

Plaintiff applied for DIB in February 2022, alleging a disability onset date of February 10, 2022 (Tr. 170). After the state agency denied his application, Plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ") in March 2023 (Tr. 43-73).

The ALJ denied Plaintiff's application on April 11, 2023 (Tr. 21-38). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review (Tr. 1-6). Plaintiff exhausted administrative remedies and filed a timely Complaint with this Court.

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed.R.Civ.P. 5.2(c) and the Advisory Committee Notes.

**Issues Raised by Plaintiff**

Plaintiff raises the following issues for judicial review:

1. The residual functional capacity determination is unsupported by substantial evidence.
2. The ALJ did not properly evaluate Plaintiff's subjective allegations.

**Legal Standard**

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes. Under the Social Security Act, a person is disabled if he or she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

In determining whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his or her former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520. An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). Thus, the Court is not tasked with determining whether Plaintiff was disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for substantial evidence, the Court considers the entire administrative record, but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). At the same time, judicial review is not abject; the Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

**Decision of the ALJ**

The ALJ followed the five-step analytical framework with respect to Plaintiff's application. He found that Plaintiff suffered from the following severe impairments since the alleged onset date of disability: "lumbar spine degenerative disc disease with sciatica, bilateral knee strains, mild bilateral shoulder osteoarthritis, post-traumatic stress disorder (PTSD), major depressive disorder with anxious distress, anxiety, other specified personality disorder with schizoid traits, mild bilateral ulnar neuropathy, benign positional vertigo/labyrinthitis, left wrist fracture status-post fall, alcohol use disorder, and obesity" (Tr. 23). The ALJ further found that none of Plaintiff's impairments or combination of impairments met or medically equaled the criteria of a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1 (Tr. 24-25).

The ALJ determined that Plaintiff had the RFC to do the following:

> Light work as defined in 20 CFR 404.1567(b). Specifically, lift/carry 20 pounds occasionally and 10 pounds frequently, sit for at least 6 out of 8 hours and stand/walk for about 6 out of 8 hours. He can occasionally climb, stoop, balance, kneel, crouch, and crawl. He can frequently use the bilateral upper extremities for reaching in all direction except overhead and is limited to occasional overhead reaching. He should avoid concentrated exposure to vibration and dangerous workplace hazards, such as exposed moving machinery, unprotected heights, and uneven terrain. [Plaintiff] retains the mental capacity to understand, remember and sustain attention and concentration sufficiently in order to carry out detailed, multiple step instructions over the course of a normal workday. [Plaintiff] retains the ability to understand and remember simple and detailed instructions, but due to depression and anxiety related symptoms, he could only sustain pace, persistence and concentration to carry out simple, routine and rote tasks that require no more than occasional independent judgment or decision-making in two-hour segments at a time. He would do best in a predictable, routine work setting with a consistent, predictable day-to-day work schedule, regarding hours of work and work activities, and fixed work expectations, and where employment related social interactions are infrequent, brief and largely task-specific (vs collaborative). There can be no public interaction or contact as part of the job duties. {Plaintiff] would be best served with tasks that allow for independent task completion without the need for interaction with others, but he can have occasional, interaction with co-workers and supervisors throughout the day.

(Tr. 27). The ALJ concluded that Plaintiff was unable to perform his past relevant work but was able to perform a significant number of other unskilled light exertional jobs in the national economy, and as a result was not disabled (Tr. 37-38).

## The Evidentiary Record

The Court reviewed and considered the entire evidentiary record in preparing this Memorandum and Order. The following summary of the record is directed to the points raised by Plaintiff.

## Evidentiary Hearing

Plaintiff was represented by counsel at his hearing on March 9, 2023 (Tr. 43-73). He testified to the following: Plaintiff was born on January 26, 1979. he last worked as a forklift technician from 2019 until 2022. Prior to that position, Plaintiff spent approximately 20 years in the military. He has posttraumatic stress disorder symptoms associated with his military service.

Plaintiff does not spend much time away from home; he has hypervigilance and is constantly worried. Plaintiff testified that he does not engage socially and has problems with motivation. He has shoulder mobility issues, but was unable to continue physical therapy because there were too many people there. He spends most of his time watching television. He can provide selfcare.

A vocational expert ("VE") testified at the hearing. The ALJ posed hypothetical questions to the expert that corresponded to the ultimate RFC findings. *Id*. The VE testified that work exists in the national economy for an individual with Plaintiff's conditions. *Id*.

**Relevant Medical Records**

In June 2021 at a compensation and pension evaluation with the U.S. Department of Veterans Affairs (VA), approximately eight months before his alleged onset of disability, Plaintiff reported experiencing anger at his job as a forklift operator, feeling isolated, taking anger out on his spouse, intrusive thoughts, and poor concentration (Tr. 29, 1296-97). In July 2021, Plaintiff reported that his medications were helping with his mental symptoms but said he felt lonely while off work for a wrist fracture (Tr. 29, 1259-60). Plaintiff agreed to individual therapy (Tr. 29, 1260).

At that visit, Plaintiff denied panic attacks, obsessive or compulsive behaviors, intrusive thoughts, hypervigilance, and hallucinations (Tr. 29, 1260). Mental health treatment notes from September 2021 showed Plaintiff's symptoms of depression, anxiety, irritability, agitation, and post-traumatic stress disorder were stable with medication and he had improved sleep (Tr. 30, 694). Plaintiff reported hypervigilance at that time but denied panic attacks, somatic symptoms, and intrusive thoughts (Tr. 30, 1241). Plaintiff also stated his concentration was "improved" (Tr. 30, 1241).

In March 2022, Plaintiff reported feeling down and having passive thoughts of suicide (Tr. 30, 1198). He also reported lacking motivation and feeling no sense of purpose (Tr. 30, 1199). However, mental status exam findings at that time showed Plaintiff spoke slowly at times, he was cooperative, he had rational and linear thoughts, and he denied suicidal thoughts and hallucinations (Tr. 30, 1202).

Plaintiff saw Glen Wurglitz, Psy.D., for a consultative psychological exam in March 2022 (Tr. 31, 1064-68). Dr. Wurglitz found that Plaintiff was easily irritated, angry, and socially inappropriate (Tr. 1064-1069). He diagnosed Plaintiff with moderate major depressive disorder, personality disorder with schizoid traits; tobacco use disorder; and moderate alcohol use disorder in early full remission. He also opined that Plaintiff was cognitively capable of managing his own funds.

A State agency medical consultant reviewed the record in April 2022, and opined that Plaintiff could perform a range of medium work (Tr. 75-84). At the reconsideration review in August 2022, a subsequent state agency medical consultant opined that Plaintiff could perform a range of light work (Tr. 85-94).

A State agency psychological consultant reviewed the record in August 2022 and opined that Plaintiff had mild limitations in understanding, remembering, or applying information; moderate limitations in interacting with others; mild limitations in concentrating, persisting, or maintaining pace; and moderate limitations in adapting or managing oneself (Tr. 75-94). Plaintiff could understand, remember, and sustain attention/concentration sufficiently to carry out detailed, multiple step instructions for a normal work period. *Id.* He opined that Plaintiff would do best in a predictable, routine work setting where employment related social interactions are infrequent, brief, and largely task specific. *Id.*

**Discussion**

The RFC is a measure of what an individual can do despite the limitations imposed by his impairments. 20 C.F.R. § 404.1545(a). It is "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities," *Id.*, and must be supported by substantial evidence. *Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir. 2000). An "ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). However, "an ALJ need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion." *Id.* (citing *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008)).

Plaintiff asserts that the evidence did not support the RFC limitations as assessed, but rather supported additional and more restrictive limitations. He argues that the inclusion of limitations reflecting his behavioral extremes would likely preclude the ability to perform any work. Plaintiff also contends that the ALJ erred in rating him with moderate limitation in his ability to concentrate, persist, or maintain pace.

In this case, the ALJ supported his RFC determination with substantial evidence and accurately characterized the medical evidence. The ALJ reviewed Plaintiff's treatment notes which showed only occasionally reported flashbacks or problems with hypervigilance, nightmares, intrusive memories, and suicide ideation. The treatment notes indicated that he reported some difficulty with controlling his anger, but no significant problems with exaggerated startle response, recklessness, or lack of motivation. Plaintiff also exhibited some passive suicide ideation, lack of motivation, and feeling overwhelmed with life.

Based on the records, the ALJ found that Plaintiff could only sustain pace, persistence, and concentration to carry out simple routine and rote tasks requiring no more than occasional independent judgment. These limitations reasonably accounted for Plaintiff's moderate limitations in his ability to concentrate, persist, or maintain pace. "Even generic limitations, such as limiting a claimant to simple, repetitive tasks, may properly account for moderate limitations in concentration, persistence, and pace, so long as they adequately account for the claimant's demonstrated psychological symptoms found in the record." *Urbanek v. Saul*, 796 F. App'x 910, 914 (7th Cir. 2019). Here, the ALJ sufficiently supported his findings.

The ALJ reviewed the opinion evidence from the state agency psychological consultants who found that Plaintiff had moderate limitations in interacting with others and would do best in a predictable routine setting where employment related social interactions are infrequent, brief, and largely task specific. The ALJ supported his assessment – that Plaintiff could tolerate occasional interaction with coworkers and supervisors throughout the day, but was best served with tasks that allow for independent completion without the need for interaction with others – with Plaintiff's treatment records and the opinion evidence. The ALJ's assessment of Plaintiff's work abilities represented "the most" Plaintiff could do in a work setting. *See* 20 C.F.R. § 404.1545(a). The Court finds nothing erroneous in the ALJ's RFC determination.

Next, Plaintiff contends that the ALJ failed to properly evaluate his subjective allegations regarding the intensity, persistence, and limiting effects of his symptoms. The ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were inconsistent because his subjective reports were not fully consistent with the treatment records. The ALJ may rely on conflicts between Plaintiff's testimony and the objective record, as "discrepancies between objective evidence and self-reports may suggest symptom exaggeration."

*Getch,* 539 F.3d at 483.  The ALJ supported his assessment by stating that while the evidence did support finding Plaintiff had anxiety on several occasions and depressive symptoms at times, the treatment record as a whole indicated no more than moderate limitations.  He based this on the records and Plaintiff's testimony.  The credibility findings of the ALJ are to be accorded deference and will only be overturned if it is "patently wrong".  *Summers v. Berryhill,* 864 F.3d 523, 528 (7th Cir. 2017); *Powers v. Apfel,* 207 F.3d 431, 435 (7th Cir. 2000).  "Applicants for disability benefits have an incentive to exaggerate their symptoms, and an administrative law judge is free to discount the applicant's testimony on the basis of the other evidence in the case." *Johnson v. Barnhart,* 449 F.3d 804, 805 (7th Cir. 2006).  The ALJ's subjective symptom evaluation was supported by the record in this case.

## Conclusion

After careful review of the record, the Court finds that ALJ's findings are supported by substantial evidence.  Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits is **AFFIRMED.**  The Clerk of Court shall enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED: September 11, 2024**

**STACI M. YANDLE**
**United States District Judge**